## Best Estate (No. 2)

*Greevy, Knittle, Fisher & Rice,* for accountant.

*H. Swank Phillips,* for exceptant.

WILLIAMS, P. J., June 27, 1958.—Exceptions have been taken to the first and final account of Lillian Fay Mundrick, executrix under the last will and testament

of Arthur Nesbit Best. The court has audited this account and has taken testimony, by agreement and request of counsel.

## Findings of Fact

The court makes the following findings of fact:

1. Arthur Nesbit Best died February 20, 1947, a resident of Lycoming County, and according to his last will and testament, nominated Lewis G. Shapiro and his widow, Lillian Fay Best, coëxecutors. Lillian Fay Best has remarried and her last name is now Mundrick.

2. That the register of wills of Lycoming County issued letters testamentary to the said Shapiro and Mrs. Best, under said last will and testament.

3. That the entire estate of the said Arthur Nesbit Best consisted of one-half interest in a trucking service called the Williamsport Trucking Service, which was inventoried at $9,759.

4. That Lewis G. Shapiro acted in said estate as both executor and attorney and directed the filing of a statement of debts and inventory and also did all matters pertaining to the preliminary settlement of the estate.

5. That after the preliminary settlement of the estate Lewis G. Shapiro was paid $150.45 and sent a statement to the coëxecutor indicating that this amount was for service rendered, this statement being under date of February 12, 1948, and this statement indicated that there was no charge for executor's commissions.

6. That on January 3, 1953, Mr. Shapiro became ill and was hospitalized for a long time after that date.

7. That after the inventory was filed and after the statement was sent by Mr. Shapiro as to the preliminary bill, the said Lewis G. Shapiro continued to assist in negotiation concerning the sale of said business.

8. That the one-half interest in said business which was inventoried at $9,759 was sold for $31,320.33.

After considerable negotiation and after Mrs. Best, the sole beneficiary of said one-half interest, hired other counsel to assist in said negotiations, that the said Lewis G. Shapiro had a part in said negotiations and signed the final papers for the sale of said business as executor, the business being sold after extended negotiation on January 23, 1953.

9. That no executor's fees have been paid to Mr. Shapiro and no attorney's fees excepting the $150.45.

10. That Lewis G. Shapiro petitioned the court requesting that an account be filed by the coëxecutor and on December 26, 1957, such an account was filed.

11. That said first and final account of the executrix shows a charge of $9,759 as the sole asset of the estate, this representing one-half interest in the Williamsport Trucking Service as inventoried.

12. Said account claims credit for expenditures of $4,861.82 with the only credit as to attorney's commissions being one of $150.45 to Lewis G. Shapiro, and the only credit as to executors' commissions being one of $150.45 to Lillian Fay Best.

## Discussion

Arthur Nesbit Best was active in his trucking business and when he died the one-half interest in this business appears to have been the only property that he owned. Lewis G. Shapiro was his friend and attorney and was so close to Mr. Best that Mr. Best nominated him to be coëxecutor in the estate together with the widow. At the time of his death he evidently trusted Mr. Shapiro a great deal as he even directed that Mr. Shapiro was to sign checks in the operation of the business. After the death of Mr. Best, Mrs. Best and Mr. Shapiro received letters testamentary, and Mr. Shapiro continued to represent the estate with respect to the business although he waived the provisions as to his signing checks for the firm. It appeared from

the beginning that the one-half interest of the business owned by the estate would be sold, and Mr. Shapiro had numerous conferences with the parties involved until he became so ill that it was necessary for him to be hospitalized at Camp Devitt. Even after he became hospitalized he was consulted on several occasions concerning matters pertaining to the sale of the business, and signed the final papers as executor.

After a careful study of the entire matter the court, sitting as an auditor, is of the opinion that Mr. Shapiro should receive $1,000 in addition to what he has already received. Had the estate been settled in the normal manner he could have legally charged as executor and also as attorney. Such charges could have been at least $1,000. This was not a normal estate, however, and Mr. Shapiro's explanation that he intended to charge additional when a sale of the business was consummated seems reasonable. It is true, as has been argued, that an executor in a normal situation cannot charge for increases in value of the estate, but this situation is extraordinary. The business was the sole asset. The widow was not competent to run the business and a sale was to be expected as the other half owner of the business had been active in its management.

Mr. Shapiro has asked for more than $1,000 and had he been well to assume obligations as he did before his sickness the court would allow more. Taking into consideration all of the testimony we conclude that the amount allowed is fair.

### Conclusions of Law

The court makes the following conclusions of law:

1. That $1,000 is due as fees to Lewis G. Shapiro for his acting as executor in the estate of Arthur Nesbit Best.

*Award and Distribution*

The court directs that the following distribution be made:

Balance for distribution as shown by account: $4,897.18.

To be distributed as follows:

To Lewis G. Shapiro $1,000.

Balance to be distributed according to last will and testament $3,897.18.